# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARANDELL CORPORATION,

    Plaintiff,

    v.                                           Case No. 04-C-1232

EZIBA.COM, INC.,
a/k/a and d/b/a EZIBA,
a/k/a and d/b/a EZIBA, INC.,

    Defendant.

## ORDER

Plaintiff Arandell Corporation ("Arandell") filed this diversity action on December 23, 2004, alleging that defendant EZIBA.COM, INC. ("EZIBA") owes the plaintiff $189,041.35 "for services rendered at its request prior to December 1, 2004." Arandell also alleges that "pursuant to written terms and conditions existing between the parties plaintiff is entitled to recover interest, necessary attorney fees and costs." Although the complaint refers to "written terms and conditions," no agreement between the parties was attached to the complaint, and Arandell does not describe the services that it rendered for the defendant.

On February 2, 2005, Arandell requested the clerk of court to enter default against the defendant which the clerk did on February 3, 2005. On February 4, 2005, the plaintiff requested that the clerk of court enter default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1).

Arandell's request of the clerk of court has been pending for more than 14 months, and Arandell has not contacted the court during that time. It appears to the court that the plaintiff is not diligently prosecuting this action. The court will dismiss this action with prejudice for lack of diligence. *See* Civil L.R. 41.3 ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order or dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.").

If Arandell moves to reinstate this action, it should file a memorandum of law addressing the following issues: (1) whether the decision to enter default judgment in this case belongs to the clerk of court pursuant to Fed. R. Civ. P. 55(b)(1) or to the court pursuant to Fed. R. Civ. P. 55(b)(2); and (2) whether, in considering a motion for default judgment, it is appropriate to award the plaintiff attorney's fees in an amount determined by the plaintiff and plaintiff's counsel, rather than on the hours of work reasonably expended multiplied by a reasonable hourly rate.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). "Although upon default, the well-pleaded allegations of a complaint relating to liability are taken as true, allegations in a complaint relating to the amount of damages suffered ordinarily are not." *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989); *Dundee Cement Co.*, 722 F.2d at 1323. "A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment

from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323.

In light of this standard, the plaintiff must offer more support to show that it suffered damages in the amount of $189,041.35 and is entitled to interest in the amount of $2,678.69. Although Arandell seeks attorney's fees in the amount of $38,250.89 based upon a contractual fee arrangement between the plaintiff and plaintiff's counsel, Arandell shall also set forth the hours of work reasonably expended in this action multiplied by counsel's reasonable hourly rate.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice for lack of diligence. If Arandell moves to reinstate this action, it shall file a memorandum of law and supporting materials as required by this order.

The clerk of court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge